**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| **In re:** <br> **RUNNYMEDE CAPITAL MANAGEMENT, INC.,** <br> **Debtor** | **Chapter 7** <br><br> **Case No. 17-61509-RBC** |
| **W. STEPHEN SCOTT, TRUSTEE,** <br> **Plaintiff,** <br> v. <br> **SUNTRUST BANK,** <br> **Defendant.** | **Adv. Pro. No. 18-06025** |

**DEFENDANT'S ANSWER**

Defendant SunTrust Bank ("**SunTrust**"), by counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, states as follows for its Answer to the Complaint to Avoid and Recover Transfers (the "**Complaint**") filed by plaintiff W. Stephen Scott, Chapter 7 Trustee for the bankruptcy estate of Runnymede Capital Management, Inc. (the "**Plaintiff**").[1]

    1.    SunTrust admits the allegations in paragraph 1 of the Complaint.

    2.    SunTrust admits the allegations in the first sentence of paragraph 2 of the Complaint. SunTrust lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 2; and, by rule, this response has the effect of a denial.

---

[1] Unless separately defined herein, capitalized terms shall have the meaning ascribed in the Complaint. SunTrust specifically disclaims the definition of SunTrust set forth in the Complaint to the extent it refers to any entity other than Defendant SunTrust Bank.

1

4824-8174-2985.3

3. SunTrust admits the allegations in paragraph 3 of the Complaint.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, SunTrust denies Plaintiff is entitled to any relief under the referenced statutes.

5. In response to the first sentence of paragraph 5 of the Complaint, SunTrust admits that it is a Georgia state chartered bank. In response to the second sentence of paragraph 5 of the Complaint, SunTrust admits that it previously was the parent corporation of SunTrust Mortgage, Inc. In August 2018, SunTrust Mortgage, Inc., formerly a Virginia corporation, merged with SunTrust Bank. The last sentence of paragraph 5 of the Complaint does not contain any allegation requiring a response; however, prior to the merger described above, SunTrust Mortgage, Inc. and Defendant were separate corporations and, throughout this Answer, the term SunTrust means and refers only to Defendant SunTrust Bank.

6. Paragraph 6 of the Complaint contains only legal conclusions to which no response is required.

7. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint; and, by rule, this response has the effect of a denial.

8. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint; and, by rule, this response has the effect of a denial.

9. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint; and, by rule, this response has the effect of a denial.

10. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint; and, by rule, this response has the effect of a denial.

11. In response to paragraph 11 of the Complaint, SunTrust admits that Dandridge lived and worked in Charlottesville and utilized SunTrust for his personal and commercial banking needs for a number of years. SunTrust denies all other allegations in paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, SunTrust states that a former employee of SunTrust, Charles DuBose, serviced Dandridge's commercial banking needs for a period of time. SunTrust denies all other allegations in paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, SunTrust states that it charged Dandridge interest on loans and fees for banking services commensurate with the market. SunTrust denies all other allegations in paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, SunTrust admits that the records of the Clerk of the Virginia State Corporation Commission reflect that Runnymede was formed on January 12, 2006. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint; and, by rule, this response has the effect of a denial.

15. SunTrust admits the allegations in paragraph 15 of the Complaint.

16. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint; and, by rule, this response has the effect of a denial. SunTrust denies the allegations in footnote 1 on page 4 of the Complaint.

17. In response to paragraph 17 of the Complaint, SunTrust admits that Dandridge and his wife owned a second residence, which is the property identified in the first sentence of paragraph 17, and which served, at one point, as collateral for the Commercial Note. SunTrust lacks knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence; and, by rule, this response has the effect of a denial. SunTrust denies the remaining allegations in paragraph 17 of the Complaint in that, upon information and belief, SunTrust Mortgage, Inc., and not SunTrust, extended the loan referenced in the second sentence of paragraph 17 of the Complaint.

18. Except for the loan transaction date, which is denied, SunTrust admits the allegations in the first sentence paragraph 18 of the Complaint. SunTrust admits further that Dandridge signed the loan documents for the Wycliffe LOC as President of Wycliffe. SunTrust denies all other allegations in paragraph 18 of the Complaint.

19. Except for the account opening date, which is denied, SunTrust admits the allegations in paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, SunTrust admits that the records of the Clerk of the Virginia State Corporation Commission reflect that Timberlake was formed on June 4, 2017. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint; and, by rule, this response has the effect of a denial.

21. SunTrust admits the allegations in paragraph 21 of the Complaint.

22. SunTrust admits the allegations in paragraph 22 of the Complaint.

23. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint; and, by rule, this response has the effect of a denial.

24. With the exception of the stated loan date, which is denied, SunTrust admits the allegations in paragraph 24 of the Complaint.

25. SunTrust admits the allegations in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, SunTrust admits that it extended a loan on terms reflected in the Commercial Note for use in connection with Dandridge's business investments and expenses related to such investments. SunTrust denies all other allegations in paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, SunTrust states that the Commercial Note speaks for itself. Whether the Commercial Note created security interests, as alleged, is a legal conclusion to which no response is required. To the extent a further response is required, the remaining allegations in paragraph 27 are denied.

28. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint; and, by rule, this response has the effect of a denial. To the extent the allegations in paragraph 28 of the Complaint are based on account records of SunTrust, as alleged, those account records speak for themselves.

29. Paragraph 29 of the Complaint contains only legal conclusions to which no response is required. To the extent paragraph 29 is deemed to contain factual allegations, SunTrust lacks knowledge or information sufficient to form a belief as to the truth of such allegations; and, by rule, this response has the effect of a denial.

30. In response to paragraph 30 of the Complaint, SunTrust states that the account statements, checks, wire transfers, and other available bank records pertaining to the Runnymede 5930 and the Dandridge 5935 deposit accounts reflect the money movements between such accounts. Those records speak for themselves, SunTrust denies all allegations in paragraph 30 that are inconsistent with or conflict with such records. SunTrust denies that the movement of funds from the Runnymede 6930 deposit account to the Dandridge 5935 deposit account, pursuant to any of the 71 transactions identified, was a "transfer" within the meaning of the United States Bankruptcy Code or Virginia Code § 55-80 or § 55-81; or, if it was a transfer, that it was a "transfer" to SunTrust. SunTrust denies all other allegations in paragraph 30 of the Complaint.

31. In response to paragraph 31 of the Complaint, SunTrust states that the account statements, checks, wire transfers, and other available bank records pertaining to the Runnymede 5930 and the Timberlake 9555 deposit accounts reflect the money movements between such accounts. Those records speak for themselves, SunTrust denies all allegations in paragraph 31 that are inconsistent with or conflict with such records. SunTrust denies that the movement of funds from the Runnymede 6930 deposit account to the Timberlake 9555 deposit account, pursuant to any of the 16 transactions identified, was a "transfer" within the meaning of the United States Bankruptcy Code or Virginia Code § 55-80 or § 55-81; or, if it was a transfer, that it was a "transfer" to SunTrust. SunTrust denies all other allegations in paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, SunTrust states that the account statements, checks, wire transfers, and other available bank records pertaining to the Runnymede 5930 and the Wycliffe 9571deposit accounts reflect the money movements between such accounts. Those records speak for themselves, SunTrust denies all allegations in paragraph 32 that are inconsistent with or conflict with such records. SunTrust denies that the movement of funds from

the Runnymede 6930 deposit account to the Wycliffe 9571 deposit account, pursuant to any of the 27 transactions identified, was a "transfer" within the meaning of the United States Bankruptcy Code or Virginia Code § 55-80 or § 55-81; or, if it was a transfer, that it was a "transfer" to SunTrust.  SunTrust denies all other allegations in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains no factual allegations to which any response is required.  To the extent a further response is required, SunTrust denies that any movement of funds from the Runnymede 6930 deposit account to one of the three deposit accounts at issue (the Dandridge 5935, Timberlake 9555 or Wycliffe 9571 accounts), pursuant to any of the 114 transactions identified in paragraphs 30-32 of the Complaint, was a "transfer" within the meaning of the United States Bankruptcy Code or Virginia Code § 55-80 or § 55-81; or, if it was a transfer, that it was a "transfer" to SunTrust.

34. Paragraph 34 contains only legal conclusions to which no response is required.  To the extent a response is required to Paragraph 34, it is denied.

35. Paragraph 35 contains only legal conclusions to which no response is required.  To the extent a response is required to Paragraph 35, it is denied.

36. Paragraph 36 contains only legal conclusions to which no response is required.  To the extent a response is required to Paragraph 36, it is denied.

37. SunTrust lacks knowledge or information sufficient to forum a belief as to the truth of the allegations in Paragraph 37; and, by rule, this response has the effect of a denial.

38. Paragraph 38 of the Complaint contains a legal conclusion as to whether Runnymede received legal consideration for any movement of funds, to which conclusion no response is required.  To the extent a response is required to such legal conclusion, it is denied.

7

SunTrust lacks knowledge or information sufficient to forum a belief as to the truth of the remaining allegations in Paragraph 38; and, by rule, this response has the effect of a denial.

39. SunTrust denies the allegations in paragraph 39 of the Complaint. In addition, with respect to the unnumbered "WHEREFORE" clause the follows paragraph 39 of the Complaint and precedes paragraph 40 of the Complaint, SunTrust denies that Plaintiff is entitled to the relief requested in such WHEREFORE clause or any other relief, whether legal or equitable in nature.

40. SunTrust reasserts each of its foregoing responses to paragraphs 1-39 of the Complaint as if fully set forth herein.

41. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint; and, by rule, this response has the effect of a denial.

42. SunTrust denies the allegations in paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, SunTrust admits that Dandridge applied for various loans from SunTrust and was reviewed, through an underwriting process, as a prospective borrower. SunTrust denies all other allegations in paragraph 43 of the Complaint.

44. SunTrust denies the allegations in paragraph 44.

45. In response to paragraph 45 of the Complaint, SunTrust admits only that it had such information regarding Dandridge's finances (and the finances of his companies) as Dandridge provided to SunTrust orally or in writing in connection with the loans and other banking services provided to him and/or his companies. SunTrust denies all other allegations in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint does not contain any factual allegations to which a response is required. If the Court determines that a response is required, SunTrust lacks knowledge

or information sufficient to form a belief as to the allegations in paragraph 46 of the Complaint; and, by rule, this response has the effect of a denial.

47. SunTrust denies the allegations in paragraph 47 of the Complaint.

48. SunTrust denies the allegations in paragraph 48 of the Complaint.

49. SunTrust denies the allegations in paragraph 49 of the Complaint.

50. In response to paragraph 50 of the Complaint, SunTrust admits only that it had such information regarding Dandridge's finances as Dandridge provided to SunTrust orally or in writing in connection with the loans and other banking services provided to him and/or his companies. SunTrust denies all other allegations in paragraph 50 of the Complaint.

51. SunTrust denies the allegations in paragraph 51 of the Complaint.

52. In response to paragraph 52 of the Complaint, SunTrust states that the available wire transfer records speak for themselves, and SunTrust denies all allegations in paragraph 52 that are inconsistent with or conflict with the information reflected in the available wire transfer records. SunTrust denies all other allegations in paragraph 52 of the Complaint to which a response is required.

53. SunTrust denies the allegations in paragraph 53 of the Complaint.

54. SunTrust denies the allegations in paragraph 54 of the Complaint.

55. In response to paragraph 55 of the Complaint, SunTrust states that the account statements, checks, wire transfers, and other available bank records pertaining to the Runnymede 5930 and the Dandridge 5935 deposit accounts reflect the amounts of the money movements between such accounts. SunTrust denies all allegations in paragraph 55 that are inconsistent with or conflict with the information reflected in those bank records. SunTrust denies all other allegations in paragraph 55 of the Complaint to which a response is required.

56. In response to paragraph 56 of the Complaint, SunTrust states that that the account statements, checks, wire transfers, and other available bank records pertaining to the deposit accounts of Dandridge and his companies speak for themselves. SunTrust denies all allegations in paragraph 56 that are inconsistent with or conflict with the information reflected in those bank records. SunTrust denies all other allegations in paragraph 56 of the Complaint to which a response is required.

57. In response to paragraph 57 of the Complaint, SunTrust states that the account statements, checks, wire transfers, and other available bank records pertaining to the deposit accounts of Dandridge and his companies speak for themselves. SunTrust denies all allegations in paragraph 57 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 57 of the Complaint to which a response is required.

58. In response to paragraph 58 of the Complaint, SunTrust states that the account statements, checks, wire transfers, loan histories, and other available bank records pertaining to the deposit accounts and the loan accounts of Dandridge and his companies speak for themselves. SunTrust denies all allegations in paragraph 58 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 58 of the Complaint to which a response is required.

59. SunTrust denies the allegations in paragraph 59 of the Complaint.

60. Paragraph 60 does not contain any factual allegations to which a response is required. If the Court determines that a response is required, SunTrust lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 60 of the Complaint; and, by rule, this response has the effect of a denial.

61. SunTrust denies the allegations in paragraph 61 of the Complaint.

62. In response to paragraph 62 of the Complaint, SunTrust states that the account statements, checks, wire transfers, and other available bank records pertaining to the deposit accounts of Dandridge and his companies speak for themselves. SunTrust denies all allegations in paragraph 62 that are inconsistent with or conflict with the information reflected in those bank records. SunTrust denies all other allegations in paragraph 62 of the Complaint to which a response is required.

63. In response to paragraph 63 of the Complaint, SunTrust admits that it received limited financial information, including tax return information, from Timberlake during the time the Timberlake LOC was outstanding. SunTrust denies all other allegations in paragraph 63 of the Complaint.

64. In response to paragraph 64 of the Complaint, SunTrust states that the loan documents, correspondence, payment histories and other available bank records pertaining to the Commercial Loan speak for themselves. SunTrust denies all allegations in paragraph 64 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 64 of the Complaint to which a response is required.

65. SunTrust admits the allegations in paragraph 65 of the Complaint.

66. In response to paragraph 66 of the Complaint, SunTrust states that the loan documents, correspondence, payment histories and other available bank records pertaining to the Commercial Loan speak for themselves. SunTrust denies all allegations in paragraph 66 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 66 of the Complaint to which a response is required.

67. In response to paragraph 67 of the Complaint, SunTrust states that the loan documents, correspondence, payment histories and other available bank records pertaining to the Commercial Loan speak for themselves. SunTrust denies all allegations in paragraph 67 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 67 of the Complaint to which a response is required.

68. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint; and, by rule, this response has the effect of a denial.

69. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint; and, by rule, this response has the effect of a denial.

70. In response to paragraph 70 of the Complaint, SunTrust states that the account statements, checks, wire transfers, loan histories, and other available bank records pertaining to the deposit accounts and the loan accounts of Dandridge and his companies speak for themselves. SunTrust denies all allegations in paragraph 70 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 70 of the Complaint to which a response is required.

71. SunTrust denies the allegations in paragraph 71 of the Complaint.

72. In response to paragraph 72 of the Complaint, SunTrust states that the wire transfer records and other available bank records pertaining to the deposit accounts of Dandridge and his companies speak for themselves. SunTrust denies all allegations in paragraph 72 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 72 of the Complaint to which a response is required.

73. In response to paragraph 73 of the Complaint, SunTrust states that the wire transfer records and other available bank records related to the deposit accounts of Dandridge and his companies speak for themselves. SunTrust denies all allegations in paragraph 73 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 73 of the Complaint to which a response is required.

74. In response to paragraph 74 of the Complaint, SunTrust states that the wire transfer records and other available bank records related to the deposit accounts of Dandridge and his companies speak for themselves. SunTrust denies all allegations in paragraph 74 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 74 of the Complaint to which a response is required.

75. SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint; and, by rule, this response has the effect of a denial.

76. SunTrust admits the allegations in paragraph 76 of the Complaint.

77. SunTrust admits the allegations in paragraph 77 of the Complaint.

78. SunTrust denies the allegations in paragraph 78 of the Complaint.

79. SunTrust denies the allegations in paragraph 79 of the Complaint.

80. SunTrust denies the allegations in paragraph 80 of the Complaint.

81. SunTrust denies the allegations in paragraph 81 of the Complaint because SunTrust denies that it had any obligation to take the actions that Plaintiff alleges SunTrust failed to take in paragraph 81 of the Complaint. SunTrust denies all other allegations in paragraph 81 of the Complaint to which a response is required.

82. In response to paragraph 82 of the Complaint, SunTrust states that the payment histories and other available bank records for the Commercial Loan and other loans to Dandridge or his companies speak for themselves. SunTrust denies all allegations in paragraph 82 that are inconsistent with or conflict with the information in those bank records. SunTrust also denies the allegations in paragraph 82 of the Complaint because SunTrust denies that it had any obligation to take the actions that Plaintiff alleges SunTrust failed to take in paragraph 82 of the Complaint. SunTrust denies all other allegations in paragraph 82 of the Complaint to which a response is required.

83. In response to paragraph 83 of the Complaint, SunTrust lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mrs. Kinder and her children; and, by rule, this response has the effect of a denial. SunTrust denies all other allegations in paragraph 83 of the Complaint to which a response is required.

84. In response to paragraph 84 of the Complaint, SunTrust states that the payment histories and other available bank records for the Commercial Loan and other loans to Dandridge or his companies speak for themselves. SunTrust denies all allegations in paragraph 84 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 84 of the Complaint to which a response is required.

85. In response to paragraph 85 of the Complaint, SunTrust states that the payment histories and other available bank records for the Commercial Loan speak for themselves. SunTrust denies all allegations in paragraph 85 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 85 of the Complaint to which a response is required.

86. In response to paragraph 86 of the Complaint, SunTrust states that the payment histories and other available bank records for the Commercial Loan speak for themselves. SunTrust denies all allegations in paragraph 86 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 86 of the Complaint to which a response is required.

87. In response to paragraph 87 of the Complaint, SunTrust states that the payment histories and other available bank records for the Commercial Loan speak for themselves. SunTrust denies all allegations in paragraph 87 that are inconsistent with or conflict with the information in those bank records. SunTrust denies all other allegations in paragraph 87 of the Complaint to which a response is required.

88. SunTrust denies the allegations in paragraph 88 of the Complaint.

89. SunTrust denies the allegations in paragraph 89 of the Complaint.

90. SunTrust denies the allegations in paragraph 90 of the Complaint. In addition, with respect to the unnumbered "WHEREFORE" clause the follows paragraph 90 of the Complaint and precedes the signature block of Plaintiff's counsel, SunTrust denies that Plaintiff is entitled to the relief requested in such WHEREFORE clause or any other relief, whether legal or equitable in nature.

## ADDITIONAL DEFENSES

SunTrust has not yet obtained discovery from Plaintiff or any third parties in connection with this Complaint and hereby reserves the right to amend or otherwise supplement this pleading, including the defenses set forth herein, as may be appropriate. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses

4824-8174-2985.3

within the meaning of Federal Rule of Civil Procedure 8(c) as incorporated by Federal Rule of Bankruptcy Procedure 7008, SunTrust states as follows:

91. SunTrust denies that Plaintiff has stated any claims upon which relief can be granted.

92. SunTrust denies that Plaintiff's claims have been pled with the required particularity pursuant to Fed. R. Civ. P. 9(b).

93. SunTrust denies that any of the money movements from the Runnymede 5930 account on which Plaintiff's claims are based constituted a "transfer" within the meaning of the Sections 544, 548, or 550 of the United States Bankruptcy Code or Virginia Code §§ 55-80 & 55-81 (collectively, the "Avoidance Statutes").

94. To the extent that any of the money movements from the Runnymede 5930 account on which Plaintiff's claims are based constituted a "transfer" within the meaning of the Avoidance Statutes, such money movement was not a transfer of an interest of the debtor because Runnymede had never acquired neither a legal nor equitable interest in the funds wired to the Runnymede 5930 account; rather, Runnymede was merely an *alter ego* or instrumentality for Dandridge's criminal conduct.

95. To the extent that any of the money movements from the Runnymede 5930 account on which Plaintiff's claims are based constituted a "transfer" within the meaning of the Avoidance Statutes, such money movement was not a transfer to SunTrust because SunTrust was a financial intermediary or mere conduit with respect to such transaction.

96. To the extent that any of the money movements from the Runnymede 5930 account on which Plaintiff's claims are based constituted a "transfer" within the meaning of the Avoidance

Statutes, SunTrust denies that it was a transferee or grantee with respect to such alleged "transfer" and liability cannot be imputed to mere financial intermediaries.

97. To the extent that any of the money movements from the Runnymede 5930 account on which Plaintiff's claims are based constituted a "transfer," within the meaning of the Avoidance Statutes, to SunTrust, SunTrust denies that it was a transferee or grantee with respect to such alleged "transfer."

98. To the extent that any of the money movements from the Runnymede 5930 account on which Plaintiff's claims are based constituted a "transfer," within the meaning of the Avoidance Statutes, to SunTrust, SunTrust denies that it had the requisite notice or knowledge of the transferor's fraudulent intent with respect to such alleged "transfer."

99. To the extent that SunTrust is determined to have received any "transfer," within the meaning of the Avoidance Statutes, SunTrust was only a subsequent transferee with respect to such "transfer," and it accepted such "transfer" in good faith and without knowledge of the avoidability of such transfers.

100. To the extent SunTrust is determined to have received any "transfer," within the meaning of the Avoidance Statutes, Runnymede received reasonably equivalent value and adequate and fair consideration for or in exchange for any such transfer.

101. None of the "Kinder Transfers In" is a "transfer," within the meaning of the Avoidance Statutes, to SunTrust.

102. No movement of funds between the Runnymede 6930 deposit account and any of the following deposit accounts is a "transfer," within the meaning of the Avoidance Statutes: Dandridge 5935, Timberlake 9555, and/or Wycliffe 9571.

103. To the extent SunTrust is determined to have received any "transfer," within the meaning of the Avoidance Statutes, Runnymede was not insolvent at the time of such transfer and Runnymede was not rendered insolvent as a result of such transfer or left with property that was unreasonably small capital as a result of such transfer.

104. The recovery of, or attempt to recover, property in which Dandridge or Timberlake have or have had an interest may violate section 362 of the Bankruptcy Code in connection with the respective bankruptcy cases of Dandridge and Timberlake.

105. Plaintiff's claims are barred, in whole or in part, by the statutes of limitations applicable to such claims and by the doctrine of laches.

106. Plaintiff's claims are barred, in whole or in party, by the doctrine of *in pari delicto*.

107. Plaintiff is not entitled to an award of pre-judgment interest, costs, or attorney's fees.

WHEREFORE, SunTrust respectfully requests that the Court enter a final judgment in favor of SunTrust (i) dismissing the Complaint; and (ii) awarding such other relief deemed just and proper.

**SUNTRUST BANK**

By: /s/ Timothy S. Baird
      Counsel

**KUTAK ROCK LLP**
Peter J. Barrett (VSB No. 46179)
Timothy S. Baird (VSB No. 36315)
901 East Byrd Street, Suite 1000
Richmond, Virginia  23219-4071
Telephone:  (804) 644-1700
peter.barrett@kutakrock.com
tim.baird@kutakrock.com

*Counsel for SunTrust Bank*

### CERTIFICATE OF SERVICE

Pursuant to the Local Rules of this Court, I hereby certify that a copy of this document was served on all necessary parties and/or their counsel via the Court's ECF System:

/s/ Timothy S. Baird
Counsel

19

4824-8174-2985.3